## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT SCHWEI
202215 Riverstone Way
Mosinee, WI 54455

      Plaintiff,

                         Case No. 26-cv-582

v.

LOW TIDE LLC
Registered Agent: Gail L. Fredrick
1903 E. Battlefield
Springfield, MO 65804

and

WINSTON TUCKER
603 N 9th Street
Thayer, MO 65791

      Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Robert Schwei, by his attorneys, AxePoint Law, and as for the causes of action against the above-named Defendants, Low Tide LLC and Winston Tucker, alleges as follows:

### PARTIES

1. Plaintiff Robert Schwei is an individual who, at all times material, resides at 202215 Riverstone Way, Mosinee, WI 54455.

2. Defendant Low Tide LLC is a Missouri limited liability company with a Registered Agent of Gail L. Fredrick located at 1903 E. Battlefield, Springfield, MO 65804. Low Tide LLC has a principal place of business located at 603 N 9th

1

Street, Thayer, MO 65791.

3. Defendant Winston Tucker is an individual who resides at 603 N 9th Street, Thayer, MO 65791.

4. At all times relevant to this case, Winston Tucker was the owner of Low Tide LLC.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to Wis. Stat. § 801.05(5)(a) because the underlying dispute concerns a promise made to the Plaintiff by Defendants to pay for services to be performed by Plaintiff in Wisconsin.

6. Venue is proper pursuant to Wis. Stat. § 801.50(2)(a) because Marathon County is where the claim arises, as Plaintiff had performed services in Marathon County.

## FACTUAL BACKGROUND

7. The Plaintiff, Robert Schwei, met Defendant Winston Tucker on or around December 2022 at a conference, where the two began to discuss future professional opportunities.

8. Following the December conference, Mr. Tucker had additional discussions with Mr. Schwei regarding a new venture, Low Tide LLC.

9. Mr. Tucker recruited Plaintiff from his previous employer to join Low Tide LLC in some capacity and to assist with the beginning stages of the company's development.

10. Throughout the first several months of 2023, Mr. Tucker and Mr. Schwei frequently texted about the specifics of Mr. Schwei leaving his prior employer.

11. Throughout these conversations, Mr. Schwei made it clear that he would require a significant base salary to join Low Tide LLC to meet his personal and family

2

obligations.

12. Prior to joining Low Tide, LLC, Mr. Schwei's previous base salary was approximately $400,000, and his total compensation included performance-based bonus incentives and benefits.

13. Mr. Tucker requested Mr. Schwei to attend several meetings in March and April of 2023 as a representative of Low Tide LLC with various third parties including potential customers and business partners.

14. On or around March 7, 2023, Mr. Schwei asked Mr. Tucker how long he may have to go without pay upon leaving his position and joining Low Tide LLC.

15. In response, Mr. Tucker noted he did "not want any employee to go without pay" at Low Tide LLC.

16. Based on Mr. Tucker's representations about joining Low Tide LLC as an employee, Mr. Schwei provided his previous employer with his formal notice of resignation on April 9, 2023.

17. On or around April 13, 2023, the Parties executed an employment agreement between Mr. Schwei and Low Tide LLC. A true and accurate copy of the agreement is attached hereto as Exhibit A (the "Agreement").

18. Pursuant to the Agreement, Mr. Schwei was entitled to a yearly salary of $200,000, immediately vested equity of Low Tide LLC, and several other employment benefits.

19. Mr. Schwei began performing his employment duties at the direction of Mr. Tucker, primarily working remotely from his home in Marathon County, Wisconsin.

20. Among these duties were participating in meetings with potential business partners, providing input to decisions at the request of Mr. Tucker, and

3

participating in business development.

21. Despite fulfilling his employment duties, Mr. Schwei was never paid by Low Tide LLC.

22. In fact, Mr. Schwei even incurred expenses on behalf of Low Tide LLC for costs like travel expenses, equipment, and software licenses which were never reimbursed.

23. Throughout his employ with Low Tide LLC, Mr. Schwei was required to put both business and personal expenses on high interest credit cards while awaiting payment of his salary.

24. Mr. Schwei was forced to take out a home equity line of credit on his family's home to address ongoing financial obligations that would have otherwise been satisfied by Low Tide LLC paying Mr. Schwei's salary and company reimbursements.

25. Mr. Schwei never received documentary evidence of his ownership in Low Tide LLC.

26. Mr. Schwei continued to perform his employment duties until August 15, 2023, when he was notified of his immediate termination via email.

27. Pursuant to the Agreement, Mr. Schwei is entitled to his base pay from April 13, 2023 to August 15, 2023, reimbursement of employment-related expenses incurred, reimbursement of dental insurance, and the value of his 0.25% equity in Low Tide LLC.

28. Low Tide LLC and Winston Tucker are business-savvy, sophisticated employers and crafted their employment agreement with a deep knowledge of federal laws governing compensation of employees.

29. For example, Article 3, Section 3.03 of the Agreement dedicates five separate

subparagraphs to deferred compensation under 26 USC § 409(A).

30. Defendant Winston Tucker acted directly in the interest of Low Tide LLC in relation to his communication with Plaintiff, and upon information and belief, has significant ownership interest in Low Tide LLC and holds operational control over Low Tide LLC.

31. Defendant Tucker directly caused Low Tide LLC to violate the FLSA and Low Tide LLC's decision to withhold pay from Mr. Schwei was the direct result of instruction from Winston Tucker.

32. Specifically, in early June of 2023, Mr. Schwei notified Low Tide LLC that he had not been compensated since joining Low Tide LLC in May of 2023 and demanded payment of his salary and expense reimbursement from his employer via email.

33. Mr. Schwei emphasized that although he had started working for Low Tide in early May of 2023, he had not been paid any of his salary or expenses as of June 2023.

34. In response, Low Tide LLC replied that Low Tide LLC and Winston Tucker were aware of the withheld payment and were deliberately withholding it at Winston Tucker's direction: "Hi Bob, I haven't forgotten about you. **I'm just holding as I wait for further instructions <u>from Winston</u>**. As soon as I have an update I'll reach out to you. Thanks[.]"

35. Low Tide LLC and Winston Tucker had actual knowledge that Mr. Schwei had received no compensation during his employment with Low Tide LLC and Winston Tucker.

36. Mr. Schwei was not a highly compensated employee of Low Tide LLC as defined by the FLSA because Mr. Schwei was never compensated for the services he

5

provided to Low Tide LLC on weekly or monthly basis.

37. Mr. Schwei was never compensated for the services he provided to Low Tide LLC, at all.

38. As a result, Mr. Schwei never received compensation in excess of any threshold for highly-compensated employees that would remove Mr. Schwei from the FLSA.

39. Low Tide LLC and Winston Tucker had actual knowledge that Mr. Schwei had not been paid any of his salary or expenses.

40. Low Tide LLC and Winston Tucker knew that Mr. Schwei previously drew a salary of $400,000.00 and expected to be paid a salary at Low Tide LLC.

41. Low Tide LLC and Winston Tucker executed the Agreement with actual knowledge that salary payments to Mr. Schwei should be paid at least semi-monthly, on the 15th and 30th of each month.

42. Low Tide LLC and Winston Tucker failed to make payment with actual knowledge that failure to pay Mr. Schwei constituted a violation of the FLSA.

43. Alternative, Low Tide LLC and Winston Tucker failed to make payment with a reckless disregard of whether the failure to pay Mr. Schwei constituted a violation of the FLSA.

## PROCEDURAL HISTORY

### First Arbitration

44. Pursuant to the Agreement, the parties unsuccessfully attempted to mediate the dispute on February 7, 2024.

45. Following the unsuccessful mediation, Plaintiff moved to initiate arbitration with the American Arbitration Association ("AAA") as Case Number 01-24-0005-6110 as required by the Agreement ("First Arbitration").

46. Plaintiff initiated the AAA case under the AAA's employment/workplace rules and paid the $350.00 deposit required.

47. Initial pleadings were exchanged in the First Arbitration, and a preliminary hearing was held with counsel for the parties and the appointed arbitrator on August 6, 2024, which laid out various deadlines and procedures within the case.

48. On August 16, 2025, the AAA submitted a report of the preliminary hearing between the Parties stating "the employer will be billed deposits to cover the arbitrator's anticipated compensation and expenses for this matter" and "the employer will also be billed the Case Management Fee." *See* Exhibit B, First Arbitration Prelim. Hrg. Rprt.

49. Despite their initial engagement with the First Arbitration, the Defendants failed to provide the required deposit to the AAA to continue the case.

50. On November 15, 2024, the AAA warned the Defendants that failure to pay the AAA deposits would result in termination of the AAA case due to non-payment. *See* Exhibit C, AAA Notice of Suspension for Non-Payment.

51. Defendant still failed to remit the required payment to the AAA.

52. The AAA administratively dismissed the First Arbitration because of the Defendants' non-payment.

53. As a result of Defendants' failure to engage in the arbitration forum, they have default, waived, and breached their contractual right to arbitrate or mediate disputes arising from the Agreement.

**First Federal Lawsuit**

54.  On April 28, 2025, after Defendants failed to pay the arbitrator in the arbitration action, Mr. Schwei filed a lawsuit in the Circuit Court Marathon County, State of Wisconsin, Case No. 2025CV000281 ("First Lawsuit").

55. On June 6, 2025, Defendants Low Tide and Winston Tucker removed the First Lawsuit to federal court (Case No. 3:25-CV-00469-AMB).

56. On July, 9, 2025, the parties stipulated to a dismissal of the First Lawsuit without prejudice to allow the matter to be heard via arbitration again. *See* Exhibit D.

## Second Arbitration

57. Mr. Schwei filed a second arbitration action pursuant to the terms of the Agreement (AAA Case No. 01-25-0003-2898) ("Second Arbitration").

58. On July 18, 2025, the AAA informed the Parties that the AAA's Employment Rules applied, which required a $350.00 fee from the employee, Mr. Schwei, and $2,100.00 fee from the employer, Defendants, Low Tide LLC and Winston Tucker. *See* Exhibit E.

59. Mr. Schwei paid the $350.00 fee to proceed with the Second Arbitration. *Id.*

60. On September 26, 2025, the Parties conducted a preliminary hearing in the Second Arbitration.

61. The Parties disputed which AAA rules applied in the Second Arbitration.

62. Mr. Schwei argued the AAA's Employment Rules governed while Low Tide argued Commercial Rules applied.

63. On October 13, 2025, the AAA released a preliminary hearing report directing the employer, Defendants, Low Tide LLC to pay a deposit and case management fee. *See* Exhibit F.

64. On November 7, 2025, the AAA arbitrator also issued an order holding that the Employment rules applied and specified that costs were borne by the Employer, Low Tide LLC and Winston Tucker. *See* Exhibit G.

65. The parties conducted discovery and set a date for an evidentiary hearing.

66. On March 2, 2026, the AAA arbitrator issued an order suspending the Second Arbitration due to non-payment from the Employer/Respondent, Low Tide LLC and Winston Tucker and provided Employer/Responder, Low Tide LLC and Winston Tucker until March 10, 2026 to submit payment. *See* Exhibit H.

67. The March 2, 2026 order specifically informed Low Tide LLC and Winston Tucker that the failure to pay AAA fees "**will constitute a violation of the Employment Arbitration Rules <u>by the Respondent (as the employer)</u> which may result in the AAA declining to administer future employment arbitrations with the Respondent**." *Id.*

68. Despite the March 2, 2026 order of suspension, Low Tide and Winston Tucker failed to pay the AAA fees.

69. On April 2, 2026, the AAA arbitrator issued a second order suspending the Second Arbitration if payment were not made by April 10, 2026. *See* Exhibit I.

70. Low Tide and Winston Tucker failed to make payment by April 10, 2026.

71. On May 4, 2026, the AAA formally closed the Second Arbitration due to Low Tide LLC and Winston Tucker's non-payment of the arbitration fee. *See* Exhibit J.

72. Low Tide LLC and Winston Tucker breached the arbitration and forum selection clause of the Agreement by failing to proceed with arbitration in the First Arbitration and Second Arbitration.

73. Low Tide LLC and Winston Tucker's breach of the arbitration and forum selection clause of the Agreement releases Mr. Schwei from the arbitration and forum selection clause of the Agreement and estops Low Tide LLC and Winston Tucker from enforcing the forum selection and arbitration clauses of the Agreement.

74. As a result of Low Tide LLC and Winston Tucker's breach of the arbitration and

forum selection clause of the Agreement, Mr. Schwei incurred additional legal services that he  otherwise would not have had if Low Tide LLC and Winston Tucker had not breached the Agreement and proceeded to Arbitration in the first instance.

## CLAIMS FOR RELIEF

### First Claim: Breach of Contract against Low Tide LLC

Paragraphs 1 through 74 are hereby realleged and incorporated by reference as though fully set forth herein.

75. Low Tide LLC and Mr. Schwei entered into a binding contract by nature of Mr. Schwei's signature on the Agreement offered to him.

76. Mr. Schwei is entitled to specific and significant compensation under the Agreement.

77. Mr. Schwei upheld every obligation under the Agreement.

78. Defendant Low Tide LLC failed to uphold its obligations under the Agreement by its failure to provide compensation, equity, benefits, and reimbursements to Mr. Schwei and failure to abide by the arbitration and forum selection clause.

79. As a result of Low Tide LLC's failure to satisfy its contractual obligations, it has breached the Contract.

80. As a direct and proximate result of Low Tide LLC's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial.

### Second Claim: Breach of Good Faith and Fair Dealing

Paragraphs 1 through 80 are hereby realleged and incorporated by reference as though fully set forth herein.

81. Every contract implies good faith and fair dealing between the parties to it, and a duty of cooperation on the part of both parties.

10

82. The Agreement between Plaintiff and Defendant constituted a binding contract with the implied duties good faith and fair dealing.

83. The duty of good faith and fair dealing with the Agreement includes the requirement that the parties to the Contract be honest and refrain from engaging in bad faith.

84. Bad faith includes, but is not limited to evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

85. Defendant breached its implied duty of good faith and fair dealing by failing to pay the AAA fees in the First Arbitration and Second Arbitration, causing the AAA to refrain from hearing Mr. Schwei's claims under the forum selection and arbitration clauses of the Agreement.

86. Because of Defendant's breach of the duties implied in the Agreement, Plaintiff has been harmed in an amount to be determined at trial.

### Third Claim: Violation of the Fair Labor Standards Act, 29 USCA §§ 201-219 et seq.

Paragraphs 1 through 86 are hereby realleged and incorporated by reference as though fully set forth herein.

87. The Fair Labor Standards Act, 29 U.S.C.A. §§ 201-219 (the "FLSA"), provides requirements for employers, and civil liability for employers who fail to uphold the FLSA's requirements.

88. Defendant Low Tide LLC is engaged in commerce and affects the production of goods in commerce.

89. The Plaintiff was engaged in commerce as an employee of Low Tide LLC until

11

his sudden termination on August 15, 2023.

90. Upon information and belief, Low Tide LLC has an annual volume of business equal to or greater than $500,000.

91. Low Tide LLC and Winston Tucker are business-savvy, sophisticated employers and crafted their employment agreement with a deep knowledge of federal laws governing compensation of employees.

92. For example, Article 3, Section 3.03 of the Agreement dedicates five separate subparagraphs to deferred compensation under 26 USC § 409(A).

93. Defendant Winston Tucker acted directly in the interest of Low Tide LLC in relation to his communication with Plaintiff, and upon information and belief, has significant ownership interest in Low Tide LLC and holds operational control over Low Tide LLC.

94. Defendant Tucker directly caused Low Tide LLC to violate the FLSA and Low Tide LLC's decision to withhold pay from Mr. Schwei was the direct result of instruction from Winston Tucker.

95. Low Tide LLC and Winston Tucker had actual knowledge that Mr. Schwei had received no compensation during his employment with Low Tide LLC and Winston Tucker.

96. Mr. Schwei was not a highly compensated employee of Low Tide LLC as defined by the FLSA because Mr. Schwei was never compensated for the services he provided to Low Tide LLC on weekly or monthly basis.

97. Mr. Schwei was never compensated for the services he provided to Low Tide LLC, at all.

98. As a result, Mr. Schwei never received compensation in excess of any threshold for highly-compensated employees that would remove Mr. Schwei from the

12

FLSA.

99. Low Tide LLC and Winston Tucker had actual knowledge that Mr. Schwei had not been paid any of his salary or expenses despite making a demand.

100. Low Tide LLC and Winston Tucker executed the Agreement with actual knowledge that salary payments should be paid at least semi-monthly, on the 15th and 30th of each month.

101. Low Tide LLC and Winston Tucker failed to pay Mr. Schwei with actual knowledge and with reckless disregard of both the Agreement's express payroll practice terms and federal law, including FLSA.

102. Low Tide LLC and Winston Tucker's further failure to pay the arbitrator to hear Mr. Schwei's FLSA claim in the First Arbitration and Second Arbitration was conducted with full knowledge or reckless disregard that they were withholding Mr. Schwei's salary compensation due under the FLSA and constitutes a further willful violation of the FLSA.

103. Low Tide LLC and Winston Tucker failed to pay the AAA fees to prevent Mr. Schwei from receiving his salary.

104. An employer who violates the minimum wage standards codified in the FLSA are liable to the employee for damages. 29 USCA § 216(b).

105. Low Tide LLC and Winston Tucker's withholding of Mr. Schwei's pay was done with actual knowledge on the part of both Defendants that such conduct was prohibited by the FLSA.

106. Alternatively, Low Tide LLC and Winston Tucker's withholding of Mr. Schwei's pay was done with reckless disregard as to whether such conduct was prohibited by the FLSA.

107. Each Defendant is jointly and severally liable for violations of the FLSA.

13

108.    As a direct cause of the Defendants' failure to abide by the FLSA, the Plaintiff has suffered damages in an amount to be determined at trial.

### Fourth Claim: FLSA RETALIATION

109.    Mr. Schwei realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.    Mr. Schwei engaged in protected activity under the FLSA by complaining to Low Tide LLC and Winston Tucker that they were improperly withholding Mr. Schwei salary and not paying Plaintiff's salary required under the Agreement and federal law.

111.    Mr. Schwei's complaints were made to Low Tide LLC and Winston Tucker prior to his termination.

112.    Low Tide LLC and Winston Tucker terminated Mr. Schwei shortly after these complaints.

113.    The close temporal proximity between Mr. Schwei's protected wage complaints and his termination supports a causal connection.

114.    Low Tide LLC and Winston Tucker's reliance on any other basis for termination was pretextual and was used to mask retaliation for Mr. Schwei's wage complaints.

115.    Low Tide LLC and Winston Tucker's retaliation against Mr. Schwei was willful—they had actual knowledge that Mr. Schwei was entitled to pay under the Agreement and federal law and denied him payment with full knowledge that such withholding of pay violated the FLSA.

116.    Alternatively, Low Tide LLC and Winston Tucker's retaliation against Mr. Schwei was willful—they exhibited a reckless disregard toward the FLSA and whether Mr. Schwei was entitled to pay under the Agreement when they denied

14

Mr. Schwei payment with a reckless disregard of whether such withholding of pay violated the FLSA.

117.   As a result, Plaintiff suffered lost wages and other damages.

### Fifth Claim: Misrepresentation

118.   Mr. Schwei realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.   Low Tide LLC and Winston Tucker made a misrepresentation of fact by informing Mr. Schwei that they were capitalized and had funds to pay Mr. Schwei's salary.

120.   Low Tide LLC and Winston Tucker made a misrepresentation of fact by informing Mr. Schwei that he would receive six-months severance pay if terminated within the first six months without cause.

121.   Low Tide LLC and Winston Tucker's misrepresentations were untrue: Low Tide LLC was not capitalized or undercapitalized, with the inability to pay Mr. Schwei's salary.

122.   Low Tide LLC and Winston Tucker's misrepresentations were untrue: Low Tide LLC and Winston Tucker did not pay Mr. Schwei six months pay even though he was terminated within the first six months of employment without cause.

123.   Mr. Schwei relied on Low Tide LLC and Winston Tucker's misrepresentations of fact regarding capitalization, its ability to pay Mr. Schwei's salary, and their reassurance that Mr. Schwei would receive a minimum of six months salary if terminated without cause within the first six months of employment.

124.   Winston Tucker and Low Tide LLC made these representations knowing that they was untrue, or recklessly not caring whether they were true or false.

15

125. Winston Tucker and Low Tide LLC made these representation with the intent to deceive the plaintiff in order to induce Schwei to act to his pecuniary damage.

126. Schwei believed that Winston Tucker and Low Tide LLC representations were true and relied on them.

127. Schwei's reliance on the representation was justifiable.

128. Winston Tucker and Low Tide LLC made the representations based on their personal knowledge, and were so situated that they necessarily ought to have known the truth or untruth of the statement.

129. Winston Tucker and Low Tide LLC had an economic interest in the transaction.

130. Winston Tucker and Low Tide LLC made their representations based on their own knowledge, concerning a matter about which they purported to have knowledge, in such manner that they assumed responsibility for their representations and warranted their truthfulness.

131. Winston Tucker and Low Tide LLC had an economic interest in the transaction into which Schwei entered such that Winston Tucker and Low Tide LLC expected to gain some economic benefit from it.

132. Alternatively, Winston Tucker and Low Tide LLC were negligent in making the representation.

133. Winston Tucker and Low Tide LLC had a duty of care toward Schwei and voluntarily assumed a duty to make the representations on behalf of Winston Tucker and Low Tide LLC regarding the transaction involving Schwei.

16

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

A.  For compensatory damages in an amount to be proven at trial based on Mr. Schwei's unpaid salary from May 10, 2023 to August 15, 2023; the value of Mr. Schwei's 0.25% equity in Low Tide LLC;

B.  Liquidated damages and attorneys' fees under FLSA § 216(b)

C.  Attorneys' fees for the First Arbitration and Second Arbitration, including fees paid to AAA, and costs; quantum meruit valuation for services rendered on a contingency fee basis.

D.  For the costs, attorney fees and disbursement of the First Lawsuit;

E.  For costs, attorney fees and disbursement of this action; and,

F.  For such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve persons on all issues so triable.

Dated: June 24, 2026                    *Electronically signed by:*

*/s/ O. Emil Ovbiagele* (WI 1089677)
**AXEPOINT LAW**
826 N. Plankinton Ave., Suite 600
Milwaukee, WI 53203
*Attorneys for Plaintiff*

17